AO 451  (Rev. 01/09; DC 4/10)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| MARK ZAMBON, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action  No.  18-2065 (JDB) |
| ISLAMIC REPUBLIC OF IRAN | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    04/25/2025    .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:    01/30/2026



*ANGELA D. CAESAR, CLERK OF COURT*

Nijel N Eugene  Digitally signed by Nijel N Eugene
Date: 2026.01.30 16:31:48 -05'00'

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK ZAMBON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Civil Action No. 18-2065 (JDB) |
| ISAAC BLUNT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Civil Action No. 19-1696 (JDB) |

**<u>ORDER</u>**

Upon consideration of [<u>Zambon</u> ECF No. 285] Iraq-injured plaintiffs' motion for default judgment, and the entire record herein, for the reasons the Court has explained in its accompanying Memorandum Opinion, it is hereby

**ORDERED** that the motion is **GRANTED**; it is further

**ORDERED** that the plaintiffs are awarded damages in the following amounts, plus postjudgment interest at the rate mandated by 28 U.S.C. § 1961(a):

| Plaintiff | Pain and Suffering or Solatium Damages | Pain and Suffering or Solatium Damages Plus Prejudgment Interest | Economic Damages | Total Damages |
|---|---|---|---|---|
| Desty Boatright | $8,000,000 | $20,644,464 | $0 | **$20,644,464** |
| Christopher Craig | $6,000,000 | $14,906,454 | $1,049,508 | **$15,955,962** |

1

| Richard Robertson | $11,000,000 | $27,328,499 | $1,758,392 | **$29,086,891** |
|---|---|---|---|---|
| Hyesuk Jerak | $8,000,000 | $19,875,272 | $0 | **$19,875,272** |
| Jared Kriger | $3,000,000 | $7,368,189 | $606,359 | **$7,974,548** |
| Jessica Kriger | $2,400,000 | $5,894,551 | $0 | **$5,894,551** |
| James Amos | $5,000,000 | $11,568,730 | $0 | **$11,568,730** |
| Dennis Leonard | $10,500,000 | $23,497,100 | $3,285,874 | **$26,782,974** |
| Sheena McCloud | $8,000,000 | $17,008,552 | $0 | **$17,008,552** |
| Aidan McCloud | $3,500,000 | $7,441,242 | $0 | **$7,441,242** |
| Landyn McCloud | $3,850,000 | $8,185,366 | $0 | **$8,185,366** |

**ORDERED** that final judgment on liability and damages is directed under Federal Rule of Civil Procedure 54(b) as to all claims by these plaintiffs associated with the attacks. The Court concludes that there is no just reason for delay in entering a final judgment pursuant to Rule 54(b) because Iran, an absent defendant, will not be prejudiced by "staggered appeals or the like," Sheikh v. Republic of Sudan, 485 F. Supp. 3d 255, 274 (D.D.C. 2020), and plaintiffs will be eligible to recover from the U.S. Victims of State Sponsored Terrorism Fund only with "a final judgment," 34 U.S.C. § 20144(c)(2); see U.S. Dep't of Just., Frequently Asked Questions, U.S. Victims of State Sponsored Terrorism Fund, http://www.usvsst.com/faq.php (last accessed February 28, 2025); Fritz v. Islamic Republic of Iran, 324 F. Supp. 3d 54, 66 (D.D.C. 2018) (entering judgment pursuant to Rule 54(b) so plaintiffs would not be "prejudiced in their ability to receive prompt payment of all or some of their compensatory damages awards from" the Fund); it is further

**ORDERED** that this Order is the final "default judgment" for the above-listed plaintiffs' claims to be served on the Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(e). The Clerk of

Court is directed to not issue individual judgments for these claims, as this Order shall constitute

that judgment; and it is further

ORDERED that, because plaintiffs have repeatedly attempted and failed to successfully

serve the Islamic Republic of Iran under 28 U.S.C. § 1608(a)(3), see [Zambon ECF Nos. 7, 11,

12], plaintiffs may proceed to serve this default judgment immediately pursuant to 28 U.S.C. §

1608(a)(4).

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  March 8, 2025



**ECF DOCUMENT**

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.

ANGELA D. CAESAR, CLERK

Nijel N Eugene

Digitally signed by Nijel N Eugene
Date: 2026.01.30
16:27:31 -05'00'

3